STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE THOMAS VERNON,

                Plaintiff,

      -against-

GHISLAINE MAXWELL; JEFFREY EPSTEIN,

                Defendants.

1:20-CV-6928 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff George Thomas Vernon, a citizen of the United Kingdom, appears *pro se* and brings this action under the Court's diversity jurisdiction. He sues Ghislaine Maxwell, also a citizen of the United Kingdom, as well as the late Jeffrey Epstein, a citizen of New York, New York, and he seeks a total of 20 million dollars in damages. Plaintiff alleges that in 2001, 2002, and 2003, Maxwell, and possibly Epstein, sexually abused and drugged him, and also kidnapped him. He asserts that he was taken to a location in London, England, and then brought to New York, where he was bribed to have sex with Maxwell in Epstein's apartment.[1]

      By order dated November 17, 2020, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses this action.

### STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

---

[1] Plaintiff submitted two letters after he filed his complaint. (ECF 3 & 4.) The Court construes those letters as supplements to the complaint.

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, in original).

## DISCUSSION

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court only has subject-matter jurisdiction to consider a "federal question" (federal-question jurisdiction) or claims under state law in diversity (diversity jurisdiction). But "'it is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

Under the statute that provides for diversity jurisdiction, 28 U.S.C. § 1332:

[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

> (1) citizens of different [American] States;
>
> (2) citizens of a[n] [American] State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a[n] [American] State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same [American] State;
>
> (3) citizens of different [American] States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state . . . as plaintiff and citizens of a[n] [American] State or of different [American] States.

28 U.S.C. § 1332(a). Thus, under §§ 1332(a)(2) or (3), foreign citizens can be parties to an action brought under a federal district court's diversity jurisdiction.

But "diversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002); *see Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020) (citing *Universal Licensing Corp.*, 293 F.3d at 581), *petition for cert. filed*, No. 20-684 (Nov. 9, 2020); *Nouinou v. Guterres*, No. 20-CV-8682, 2020 WL 6275021, at *5 (S.D.N.Y. Oct. 23, 2020). And courts have held that there is no diversity when one party is a foreign citizen who is a lawful permanent resident and at least one of the opposing parties is also a foreign citizen. *See Tagger*, 951 F.3d at 127: *Anhui Konka Green Lighting Co., Ltd. v. Green Logic LED Elec. Supply, Inc.*, No. 18-CV-12255, 2019 WL 3751403, at *4-5 (S.D.N.Y. Aug. 8, 2019); *Baiqiao Tang v. Wengui Guo*, No. 17-CV-9031, 2019 WL 1207859, at *5 n.2 (S.D.N.Y. Mar. 13, 2019); *H.K. Huilin Int'l Trade Co., Ltd. v. Kevin Multiline Polymer Inc.*, 907 F. Supp. 2d 284, 289 (E.D.N.Y. 2012).

Plaintiff alleges that he and Maxwell are both citizens of the United Kingdom.[2] Because both Plaintiff and Maxwell are foreign citizens and opposing parties, the Court lacks diversity jurisdiction to consider this action. The Court therefore dismisses this action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and n service on the docket. The Court dismisses this action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

Dated:   November 19, 2020
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

---

[2] Although Epstein was a citizen of New York, Plaintiff acknowledges that Epstein died before Plaintiff filed his complaint. (ECF 1, at 2.) Thus, Plaintiff's claims against Epstein are nullities because under New York law, a dead person cannot be sued. *See* Fed. R. Civ. P. 17(b)(1); *Malik v. City of New York*, 1:18-CV-1956, 2020 WL 2747979, at *1 n.1 (E.D.N.Y. May 27, 2020), *appeal pending*, No. 20-1969 (2d Cir.); *United States v. Callard*, No. 11-CV-4819, 2013 WL 2022870, at *4 (E.D.N.Y. May 14, 2013); *Fed. Home Loan Mortg. Corp. v. Toles*, No. 94-CV-1825, 1996 WL 19201at *3 (E.D.N.Y. Jan. 11, 1996).